## NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESLIE R. KING, | : |
| | : Civil Action No. 13-55 (CCC) |
| Petitioner, | : |
| | : |
| v. | : **OPINION** |
| | : |
| GARY M. LANIGAN, et al., | : |
| | : |
| Respondents. | : |

**APPEARANCES:**

**LESLIE R. KING,** Petitioner *pro se*
433416 / 640460C
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625

**CECCHI,** District Judge

This matter is before the Court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Leslie R. King ("Petitioner"). The respondents are Gary M. Lanigan, Jeffrey Cheisa and the State of New Jersey. Because it appears from a review of the petition and answer that the petition is time barred, the petition will be dismissed as untimely. Petitioner will be allowed 30 days leave to provide a full recitation of the dates regarding state court exhaustion if he is able to show that the filing of the petition complied with the one year limitations period for the filing of a § 2254 habeas petition as set forth in 28 U.S.C. § 2244(d). Petitioner may also present any valid grounds for equitable tolling within 30 days.

## I. BACKGROUND

The petition as filed provides very limited information regarding the filing and

disposition dates of the proceedings in state court. A jury trial was conducted on April 18, 2002 and Petitioner was sentenced on May 28, 2002. Petitioner states that he filed direct appeal to that judgment in July 2002 and that the judgment was affirmed "around 2005." See Petition, page 8. Thereafter, the Supreme Court of New Jersey denied certification on a date not specified in the petition. Id. Petitioner states that he then filed for post-conviction relief ("PCR") which was denied, but he did not provide any dates regarding any PCR activity. Id.

Petitioner first filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court on or about July 26, 2010, see King v. Ricci, Civil No. 10-3753 (D.N.J.). In his response to the notice provided pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner requested that his petition be withdrawn so that he could further pursue his exhaustion of state court remedies. The petition was withdrawn on February 22, 2011 and that file was closed. Petitioner then sought further review from the Supreme Court of New Jersey, which was denied on September 21, 2012. See Petition, page 9. On or about January 2, 2013, after this further pursuit of state court remedies, Petitioner filed the instant petition without providing any dates regarding his continued state court activity. Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) and Petitioner responded that his Petition should be ruled upon as filed.

**II. DISCUSSION**

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[1] which provides in pertinent part:

> (1) A 1–year period of limitations shall apply to an application for a

---

[1] The limitations period is applied on a claim-by-claim basis. See Munchinski v. Wilson, 694 F.3d 308, 327 (3d Cir. 2012).

writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000). More specifically, "[t]he time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (finding

that time between denial of post-conviction relief and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal on its merits). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner failed to provide the court with dates regarding most of his state court activity. As noted above, Petitioner's trial and sentence dates were April 18, 2002 and May 28, 2002, respectively. Petitioner appealed the judgment in July of 2002 and the judgment was affirmed on an unspecified date in 2005. Petitioner then engaged in the post-conviction relief process but did not provide any dates with respect to those filings or decisions to show that his filings conformed to the one year limitations time frame.

Given the large gaps in time between known filings during Petitioner's exhaustion of state court remedies, it appears that the petition is time-barred.

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618–19 (citations and punctuation marks omitted). Moreover, even where

extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner has alleged no facts that would suggest a basis for equitable tolling of the federal habeas limitations period. As such, it appears this petition is therefore untimely.

**III. CONCLUSION**

For the reasons set forth above, the Petition will be dismissed as time-barred. Petitioner will be allowed 30 days leave to provide a full recitation of the dates regarding state court exhaustion if he is able to show that the filing of the petition complied with the one year limitations period for the filing of a § 2254 habeas petition as set forth in 28 U.S.C. § 2244(d). Petitioner may also present any valid grounds for equitable tolling within 30 days. An appropriate order follows.

Dated: October 30, 2013

CLAIRE C. CECCHI
United States District Judge